**The relief described hereinbelow is SO ORDERED.**

**Signed January 14, 2019.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RICHARD M. PHILLIPS, | § | Case N0. 17-10068-TMD |
| | § | (Chapter 11) |
| Debtor. | § | |

**ORDER CONFIRMING MODIFIED SECOND AMENDED CHAPTER 11**
**PLAN OF REORGANIZATION PROPOSED BY DEBTOR, CHAPTER 11**
**TRUSTEE AND CAROL A. SAUNDERS, DATED NOVEMBER 27, 2018**

CAME ON for hearing on January 9, 2019 (the "Confirmation Hearing"), after appropriate and adequate notice, the *Modified Second Amended Chapter 11 Plan of Reorganization Proposed by Debtor, Chapter 11 Trustee and Carol A. Saunders, Dated November 27, 2018* [Docket No. 364-1] (the "Plan"), jointly proposed by Richard M. Phillips, the debtor (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case"); Jay H. Ong, in his capacity as chapter 11 trustee (the "Chapter 11 Trustee") for the Debtor's estate ("Estate"); and Carol A. Saunders ("Saunders" and collectively with the Debtor and the Chapter 11 Trustee, the "Plan Proponents"). The Court, having considered the Plan, the

evidence admitted at the Confirmation Hearing, the arguments of counsel, and the entire record of the Bankruptcy Case, and after due deliberation thereon and good cause appearing therefore, hereby makes and issues the following findings of fact and conclusions of law:[1]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

A.      Jurisdiction and Venue.  This Court has jurisdiction to consider and confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. § 1408.  Consideration of confirmation of the Plan is a core proceeding under 28 U.S.C. § 157.

B.      Background.  On January 18, 2017 (the "Petition Date"), the Debtor filed with this Court his voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*), thereby initiating this Bankruptcy Case.  This Court ordered the appointment of a Chapter 11 Trustee on April 17, 2017 [Docket No. 94].  The United States Trustee appointed Jay H. Ong to serve as the Chapter 11 Trustee, and this Court approved Mr. Ong's appointment by its order entered on April 26, 2017 [Docket No. 116].

C.      Burden of Proof.  The Plan Proponents have the burden of proving all elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence.  As set forth in more detail below, they have met this burden.

D.      Judicial Notice.  This Court takes judicial notice of the official docket for the Bankruptcy Case maintained by the Clerk of this Court, including, without limitation: (i) all pleadings, notices, and other documents filed; (ii) all orders entered; and (iii) all evidence,

---

[1]      Capitalized terms herein shall have the meanings ascribed to them in the Plan unless otherwise separately defined herein.  The definitions set forth in the Bankruptcy Code (11 U.S.C. § 101) shall otherwise govern to the extent applicable.

[2]      The following findings of fact and conclusions of law are made pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.  Where appropriate, any and all findings of fact shall constitute conclusions of law, and any and all conclusions of law shall constitute findings of fact.

testimony, and arguments made, proffered, or adduced at the hearings held before this Court during the Bankruptcy Case, including, without limitation, the hearing to consider the adequacy of the Disclosure Statement.

E.      <u>Solicitation and Notice</u>. This Court previously approved the Disclosure Statement relating to the Plan as providing adequate information within the meaning of section 1125 of the Bankruptcy Code, and authorized solicitation of the Plan, pursuant to its *Order (A) Approving Disclosure Statement Pursuant to 11 U.S.C. § 1125, (B) Scheduling a Hearing to Consider Confirmation of Second Amended Chapter 11 Plan of Reorganization Proposed by Debtor, Chapter 11 Trustee and Carol A. Saunders, Dated November 12, 2018, (C) Establishing Voting and Objection Deadlines, and (D) Approving the Form and Manner of Notices* [Docket No. 366] (the "<u>Disclosure Statement Order</u>"). As evidenced by the Certificate of Service filed by the Chapter 11 Trustee on January 2, 2019 [Docket No. 377], due and proper notice with respect to all matters relating to the solicitation of votes on, and the confirmation of, the Plan was provided to all of the Debtor's Creditors and other parties-in-interest entitled to such notice. As evidenced by the *Notice of (I) Entry of Order Approving Disclosure Statement; (II) Voting Deadline; (III) Deadline to Object to Plan; and (IV) Hearing to Consider Plan Confirmation*, attached to the Disclosure Statement Order as "Exhibit A", due and proper notice of the Confirmation Hearing and related deadlines has been provided by the Chapter 11 Trustee to all parties-in-interest in the Bankruptcy Case entitled to receive same.

F.      <u>Compliance with Section 1129 of the Bankruptcy Code</u>. As set forth below and as demonstrated at the Confirmation Hearing, the Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

(i)     Section 1129(a)(1):  Compliance with the Bankruptcy Code.  The Plan

complies with all relevant sections of the Bankruptcy Code and the

Federal Rules of Bankruptcy Procedure, including, without limitation, the

requirements of sections 1122 and 1123 of the Bankruptcy Code.

(ii)    Section 1129(a)(2):  Plan Proponents' Compliance with the Bankruptcy

Code.  The Plan Proponents have fully complied with all applicable

provisions of the Bankruptcy Code.  In particular, they have complied

with all post-petition disclosure and solicitation requirements under

section 1125 of the Bankruptcy Code.  Specifically, the Chapter 11

Trustee filed the Disclosure Statement, which this Court ruled provided all

parties-in-interest with "adequate information" as required by section 1125

of the Bankruptcy Code.

(iii)   Section 1129(a)(3):  Plan Proposed in Good Faith.  Based on the totality of

the circumstances surrounding the Plan, the Plan Proponents have

proposed the Plan in good faith and not by any means forbidden by law,

including non-bankruptcy law.

(iv)    Section 1129(a)(4):  Payment for Services and Expenses.  All payments

made or to be made by the Debtor, the Chapter 11 Trustee, or the Trustee

for services or for costs and expenses in, or in connection with, the

Bankruptcy Case, or in connection with the Plan and incident to the

Bankruptcy Case, have been approved by, or are subject to approval of,

the Court as reasonable, unless otherwise ordered by the Court.

(v)     Section 1129(a)(5): Directors, Officers, and Insiders. In the event the Estate's interests in Cen-Tex have not been sold prior to the Effective Date, as of the Effective Date, the Trustee shall be deemed to be the sole director and Chief Executive Officer of Cen-Tex, which positions he shall maintain until the earlier of the date on which Cen-Tex is sold, and the date on which he is discharged from his duties as Trustee. The Debtor's Consulting Agreement with Cen-Tex will remain in place, except as expressly modified in the Plan and subject to the terms of such agreement and Plan. The Trustee will be Erik White, of Harney Management Partners. The continuance of these individuals is consistent with the interests of creditors and equity security holders, and with public policy.

(vi)     Section 1129(a)(6): Governmental Regulatory Rate Change. No governmental regulatory commission has jurisdiction over the approval of any rates of the Debtor or the Reorganized Debtor and, as a result, section 1129(a)(6) of the Bankruptcy Code is not applicable.

(vii)     Section 1129(a)(7): "Best Interests" of Creditors. The "best interests" test is satisfied as to all impaired Classes. Specifically, no holder of a Claim within the impaired Classes receives worse treatment under the Plan than it would pursuant to a liquidation under Chapter 7 of the Bankruptcy Code. In fact, a Chapter 7 liquidation would adversely affect the ultimate proceeds available for distribution to all holders of Claims in the Bankruptcy Case. Liquidation under Chapter 7 of the Bankruptcy Code would result in smaller distributions than provided for under the Plan.

Accordingly, the Plan provides each holder of a Claim with a greater recovery than it would receive pursuant to the Debtor's liquidation under Chapter 7 of the Bankruptcy Code.  Therefore, the Plan satisfies the "best interests" test as to all impaired Classes.

(viii)  Section 1129(a)(8):  Acceptance by All Impaired Classes.  All impaired Classes have affirmatively voted in favor of the Plan.

(ix)  Section 1123(a)(9):  Treatment of Administrative, Priority and Tax Claims.  The Plan's treatment of Claims of a kind specified in section 507(a)(1) through (8) of the Bankruptcy Code satisfies the requirements set forth in section 1129(a)(9) of the Bankruptcy Code.

(x)  Section 1129(a)(10):  Acceptance by Impaired Class.  As set forth hereinabove, the Plan has been accepted by at least one impaired Class.

(xi)  Section 1129(a)(11):  Feasibility.  The Plan is a liquidating plan that is not likely to be followed by the need for further reorganization or liquidation of the Debtor not otherwise proposed in the Plan.  Therefore, the Plan is feasible.

(xii)  Section 1129(a)(12):  Payment of Fees.  Pursuant to section 2.2 of the Plan, all fees payable pursuant to section 1930 of title 28 of the United States Code arising prior to the Effective Date shall be paid on or before the Effective Date, subject to the rights of the Reorganized Debtor to contest the same.

(xiii)  Sections 1129(a)(13):  Retiree Benefits.  The Debtor is an individual who is not obligated to pay retiree benefits, so § 1129(a)(13) is inapplicable.

(xiv)  Sections 1129(a)(14): Domestic Support Obligations. All the Debtor's domestic support obligations are being satisfied pursuant to the Plan. Lopez-Phillips' claims in particular have been fully and finally compromised pursuant to that certain *Agreement Incident to Divorce*, which has been finally approved by the Bankruptcy Court and the Divorce Court and incorporated under the Plan's treatment of Lopez-Phillips' Class 4 Claims.

(xv)  Sections 1129(a)(15): Disposable Income. No Creditor or party in interest asserted any timely objection to the Plan. Notwithstanding, to the extent there has been an objection to confirmation by a creditor holding an unsecured claim, (A) the value, as of the Effective Date of the Plan, of the property to be distributed under the Plan on account of such claim is not less than the amount of such claim; or (B) the value of the property to be distributed under the Plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer.

(xvi)  Sections 1129(a)(16): Transfers of Property. To the extent applicable, all transfers of property under the Plan are being made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

(xvii)     Section 1129(b):  Cramdown.  Because all impaired Classes of Creditors have voted to accept the Plan, section 1129(b) is inapplicable.

(xviii)    Section 1129(d):  Principal Purpose of Plan.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Article 5 of the Securities Act of 1933, as amended.

G.      Plan Provisions Valid and Binding.  Upon entry of this Confirmation Order, but subject to the Effective Date of the Plan, each term and provision of the Plan is valid, binding and enforceable pursuant to its terms.

## ORDER

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED that:

1.      Pursuant to section 1127 of the Bankruptcy Code, the Plan is Approved and, pursuant to section 1129 of the Bankruptcy Code, the Plan is **CONFIRMED**.  A copy of the Plan is attached as Exhibit 1 to this Confirmation Order.

2.      Any and all objections to the Plan have been voluntarily withdrawn or are otherwise hereby OVERRULED, for all purposes.

3.      All Claims shall be, and hereby are, classified as set forth in the Plan.  The Plan's classification scheme shall be, and hereby is, approved.

4.      The treatment of all Claims as provided in the Plan shall be, and hereby is, approved.

5.      Holders of Administrative Expense Claims that were incurred, accrued or in existence prior to the Effective Date, other than (a) a Professional Claim, (b) the Chapter 11 Trustee Claim, (c) an Allowed Administrative Expense Claim as of the Effective Date, and (d)

an Administrative Expense Claim based on a fee or charge assessed against the Estate under Chapter 123, Title 28, United States Code, must by no later than the Administrative Claim Bar Date: (i) file an application with the Bankruptcy Court for allowance of the Administrative Expense Claim; and (ii) serve a copy of such application on the Debtor, the Chapter 11 Trustee (or, if the Chapter 11 Trustee has been discharged, the Trustee), the United States Trustee, and all other parties entitled to notice thereof. This provision overrides any provisions to the contrary in the Plan. Failure to file and serve such application by the Administrative Claim Bar Date shall result in the Administrative Expense Claim being forever barred and discharged. Except as specifically provided in the Plan, nothing in this Plan alters the law applicable to, and governing, the allowance of an Administrative Expense Claim under the Bankruptcy Code and/or the Bankruptcy Rules.

6.      Each Professional who holds or asserts an Administrative Expense Claim that is a Professional Claim incurred prior to the Effective Date shall file with the Bankruptcy Court and serve on all parties entitled to receive such notice its Fee Application by no later than the Professional Claim Bar Date, which shall be the date that is sixty (60) days after the Effective Date. Failure to timely and properly file and serve the Fee Application as required under this provision shall result in the Professional Claim being forever barred and discharged.

7.      The Chapter 11 Trustee shall file with the Bankruptcy Court and serve on all parties entitled to receive such notice his application seeking approval and payment of his compensation allowed under sections 326 and 503(b) of the Bankruptcy Code by no later than the Professional Claim Bar Date.

8.      Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall be, and

hereby are, valid, binding and enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Mediated Plan Settlement Agreement incorporated into the Plan and which is attached to the approved Disclosure Statement, is hereby authorized and approved, for all purposes, pursuant to Federal Rule of Bankruptcy Procedure 9019. The Trust Agreement, as may be amended consistent with the Plan and this Confirmation Order, is hereby authorized and approved for all purposes.

9.      Upon the entry of this Confirmation Order, the Debtor, Saunders, the Trustee, and the Chapter 11 Trustee are authorized to take, or cause to be taken, all actions necessary or appropriate to implement, and to consummate, all provisions of the Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith prior to, on, and after the Effective Date. All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by this Court such that no further approval, act, or action need to be taken under any applicable law, order, rule, or regulation.

10.      Except as otherwise expressly provided herein or in the Plan, nothing in this Confirmation Order or in the Plan shall be deemed to be a waiver, *res judicata*, preclusive, or the relinquishment, of any rights, claims, or causes of action (including Avoidance Actions, claims arising under common law, and claims arising under the Bankruptcy Code) that the Debtor, the Trustee, the Chapter 11 Trustee, or the Estate may have or may choose to assert under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including, without limitation: (i) any and all claims against any person; (ii) the turnover of any property of the Estate; (iii) rights against directors, officers, professionals, agents, financial advisors, underwriters, lenders, or auditors relating to acts or omissions occurring prior to the Petition Date, including breaches of fiduciary duties; (iv) recovery of any illegal dividend; and (v) re-

characterization of a Claim. All rights, claims, demands, and causes of action (including Avoidance Actions, claims arising under common law, and claims arising under the Bankruptcy Code) against any person and belonging to the Debtor, Trustee, the Chapter 11 Trustee, or the Estate, including but not limited to those discussed or referenced in the Plan or Disclosure Statement, which discussions and references are incorporated by reference as if fully set forth herein, are hereby expressly preserved and retained post-confirmation for assertion by the appropriate party. For the avoidance of doubt and without limitation for all purposes, Plan expressly retains and preserves and for assertion by the Trustee, in his discretion, all Causes of Action, including but not limited to Avoidance Actions and actions for declaratory relief, in connection with any transfers of interests in Cen-Tex by the Debtor, including to Aaron Phillips or Lauren Phillips or to any trusts established for their respective benefit.

11. Nothing contained in this Confirmation Order shall be deemed to be a waiver, *res judicata*, preclusive, or relinquishment, of any claim, right of setoff, or other legal or equitable defense which the Debtor had immediately prior to the Petition Date against, or with respect to, any Claim left unimpaired by the Plan. All such claims, rights of setoff, and other legal or equitable defenses which the Debtor had immediately prior to the Petition Date and all of the Debtor's legal and equitable rights respecting any Claim left unimpaired by this Plan are hereby retained, reserved, and preserved.

12. Upon the Effective Date of the Plan, the Estate will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed on or before the date of the Confirmation Order or otherwise expressly treated under the Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease must be filed no later than thirty (30) days after the date of entry of this Confirmation Order. If the rejection of an

executory contract or unexpired lease pursuant the Plan gives rise to a rejection claim by the non-debtor party or parties to such contract or lease, such rejection claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 3. Any Claim arising from rejection shall be forever barred and shall not be enforceable against the Debtor or Estate unless a proof of claim is filed and served on the Debtor and the Chapter 11 Trustee if prior to the Effective Date, or the Trustee if filed on or after the Effective Date, within thirty (30) days after the bankruptcy court's entry of this Confirmation Order.

13.     Automatically upon the completion of the Trustee's administration, liquidation and disbursement of all Trust Assets, the completion of all payments provided for under the Plan, and the corresponding termination of the Trust, and provided that the Debtor has not breached the terms of the Plan, the Debtor shall receive a discharge of all pre-confirmation debts, whether or not a Creditor files a proof of Claim, or accepts the Plan, as provided pursuant to 11 U.S.C. § 1141(5), unless the Bankruptcy Court orders otherwise. Such discharge will not discharge the Debtor from debts that are nondischargeable under section 523 of the Bankruptcy Code or the obligations created under the Plan; *provided, however*, that, by her express consent and agreement, Saunders has agreed and stipulated that the foregoing discharge shall be effective to discharge for all purposes any and all pre-petition claims she holds against the Debtor, including the Saunders Deficiency Claim and all Allowed Claims that she holds in the Bankruptcy Case, subject to and following the performance of the Plan in full with respect to Saunders, the performance of which she acknowledges may result in less than the full payment of the agreed Saunders Deficiency Claim. Notwithstanding the foregoing, and upon the termination of the Trust, Saunders shall be entitled to receive the treatment provided in Section 3.2 of the Plan with respect to the Saunders Policy and any payment provided thereunder.

14.     Pursuant to section 362(c)(2) of the Bankruptcy Code, the automatic stay shall continue until the earlier of (i) the time the Bankruptcy Case is closed, (ii) the time the Bankruptcy Case is dismissed, or (iii) the time a discharge is granted or denied. Hereafter, no Creditor or party in interest shall assert any Claim or action against the Debtor, his Estate, the Trustee, the Trust or any Exculpated Party that contravenes the provisions of the Plan, except by the advance leave of this Court.

15.     Except as otherwise expressly provided in the Plan, the injunctions, releases, discharges, and exculpations set forth in the Plan shall be, and hereby are, approved as fair, equitable, reasonable, and in the best interests of the Debtor and the Estate.

16.     Except as otherwise provided herein or in the Plan, all liens and security interests against property of the Estate are released, terminated, and nullified.

17.     Automatically on the Effective Date, and without need for further order, document, action, or instrument, all Trust Assets shall automatically vest with the Trust free and clear of all claims, liens, interests, and encumbrances, except for any claims, liens, interests, and encumbrances that are specifically and explicitly preserved by or created under the Plan. All such claims, liens, interests and encumbrances, if any, remain attached to any property transferred to the Trust with the same validity, extent, and priority as otherwise exists and as provided for in this Plan, and without need for further order, document, action, or instrument, with the same validity, extent, and priority as otherwise exists, but subject to all requirements applicable to the same under this Plan and subject to any and all defenses, counterclaims and other objections that may be held by the Debtor or his Estate, all of which shall also automatically transfer to the Trust as of the Effective Date. Notwithstanding the foregoing, the

Chapter 11 Trustee shall cooperate with the Trustee in order to ensure a smooth transition and conveyance of Estate assets to the Trust on the Effective Date.

18.     The provisions for exculpation set forth in the Plan are expressly approved. None of the Exculpated Parties shall have or incur any liability to any Person for any act taken or omission in connection with or related to the administration of the Bankruptcy Case, or formulating, negotiating, implementing, confirming, or consummating the Plan OR the Disclosure Statement, except for willful misconduct. The Exculpated Parties shall have no liability, except for willful misconduct, to the Debtor, any Creditor and any other party in interest in the Bankruptcy Case, or any other Person for actions taken or not taken in connection with or related to the administration of the Bankruptcy Case, or under the Plan, or arising out of their administration of the Bankruptcy Case or Plan or the property to be distributed under the Plan including, without limitation, confirmation, or the failure to satisfy any condition or conditions, or refusal to waive any condition or conditions, to the occurrence of the Effective Date, and in all respects such Exculpated Persons shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

19.     Insofar as the Plan contemplates the sale of Estate assets, with marketing efforts having been initiated by the Chapter 11 Trustee and his professionals prior to the entry of this Order, the Chapter 11 Trustee and Trustee, as the case may be, are hereby authorized to enter into an agreement or agreements to sell such assets pursuant to section 363 of the Bankruptcy Code subject to filing a motion to sell to approve the specific transaction or transactions selected by the Chapter 11 Trustee and/or Trustee, as the case may be (the "Cen-Tex Sale Motion"), and the purchaser thereof shall be afforded all protections contemplated under section 363(m) of the

Bankruptcy Code, as a good faith purchaser for value pursuant to the order entered in connection with the Cen-Tex Motion to Sell.

20.     Notwithstanding the provisions of section 11.3 of the Plan, the Plan Proponents are hereby granted the discretion to determine to delay the Effective Date, upon the filing of a notice with this Court and served upon all parties who have been served with the Plan as certified at Docket No. 377, and section 11.3 of the Plan is hereby deemed amended accordingly, for all purposes.

21.     On the Effective Date, the Trustee must pay all quarterly United States Trustee fees that are then due and owing under 28 U.S.C. § 1930, and the Trustee must thereafter pay such fees as they become due.  For the avoidance of doubt, the Administrative Expense Claim Bar Date set forth in the Plan does not apply to quarterly United States Trustee fees under 28 U.S.C. § 1930, and the Trustee must comply with all provisions of § 1930 from the Effective Date until the Bankruptcy Case is closed, dismissed, or converted.

22.     This Court retains jurisdiction over the Bankruptcy Case and all matters arising in, or related to, the Bankruptcy Case to the fullest extent permitted by law, including as set forth in Article X of the Plan.  Such retention does not affect the finality of this Confirmation Order.

23.     The failure to specifically include or reference any particular provisions of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being understood that it is the intent of this Court that the Plan be confirmed and approved in its entirety.

24.     Promptly upon entry of this Confirmation Order, the Chapter 11 Trustee, at the Estate's expense, shall serve on all known parties-in-interest and holders of Claims notice of the entry of this Confirmation Order and all relevant deadlines and dates under the Plan.

25.     The provisions of this Confirmation Order are nonseverable and mutually dependent.

26.     Notwithstanding Rule 3020(e) of the Federal Rules of Bankruptcy Procedure, this Confirmation Order shall be effective and enforceable immediately upon entry and the Plan Proponents are authorized to consummate the Plan immediately after entry of this Confirmation Order.

# # # END OF ORDER # # #

Respectfully submitted:

MUNSCH HARDT KOPF & HARR, P.C.         KELL C. MERCER, P.C.

By: */s/ Kevin M. Lippman*           By: */s/ Kell C. Mercer*
    Kevin M. Lippman                        Kell C. Mercer
    Texas State Bar No. 00784479          Texas Bar No. 24007668
    3800 Ross Tower                    1602 E. Cesar Chavez Street
    500 North Akard Street             Austin, Texas 78702
    Dallas, Texas 75201                Telephone:  (512) 627-3512
    Telephone:  (214) 855-7553         Facsimile:   (512) 597-0767
    Facsimile:   (214) 855-7594          Email:  kell.mercer@mercer-law-pc.com
    Email:  klippman@munsch.com       ATTORNEY FOR THE DEBTOR
    ATTORNEYS FOR CHAPTER 11 TRUSTEE


By:    */s/ Berry D. Spears*
    Berry D. Spears
    Texas Bar No. 1889330
    706 Split Rail Trail
    Austin, Texas 78746
    Telephone:  (512) 413-9796
    Email:  berrydspears616@gmail.com
    ATTORNEY FOR CAROL SAUNDERS